UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-515-RJC

| | |
|---|---|
| JOHN D. MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CITY OF CHARLOTTE, ) | |
| STEPHEN IYEVBELE, ) | ORDER |
| K. SCHEIMREIF, Sergeant, ) | |
| DONNA PRICE, Assistant ) | |
| District Attorney, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Motion for a Preliminary Injunction, (Doc. No. 5).

I.   BACKGROUND

Pro se Plaintiff John D. Matthews is a state court inmate currently incarcerated at Pasquotank Correctional Institution in Elizabeth City, North Carolina. Plaintiff was sentenced to 110 to 141 months after a jury convicted him on October 17, 2010 of breaking or entering, larceny after breaking or entering, and having attained habitual felon status, based on a breaking and entering incident that occurred on March 2, 2009. See State v. Matthews, 720 S.E.2d 829 (N.C. Ct. App. 2012). On January 17, 2012, the North Carolina Court of Appeals ordered a new trial for Plaintiff based on the trial court's error in denying Plaintiff the final closing argument at his criminal trial. See id.

In the Complaint, filed on October 17, 2011 pursuant to 42 U.S.C. § 1983, Plaintiff has named as Defendants the City of Charlotte, Stephen Iyevbele, Sergeant K. Scheimreif, and Donna Price. See (Doc. No. 1). Plaintiff states that Defendants Iyevbele and Scheimreif are employees of the Charlotte Police Department, and that Donna Price is an Assistant District Attorney with Mecklenburg County. (Id. at 3).

Plaintiff essentially alleges that City of Charlotte police officers took a saliva sample ("buccal swabs") from him using an invalid search warrant and without Plaintiff's attorney present, in violation of Plaintiff's Fourth Amendment and due process rights and North Carolina statutory law regarding non-testimonial evidence. Specifically, Plaintiff alleges that on August 13, 2010, Plaintiff's saliva sample was taken pursuant to a search warrant obtained by Defendant Iyevbele. (Id. at 5, 9). Police officers arrested Plaintiff on August 5, 2009 pursuant to an arrest warrant for breaking and entering on March 2, 2009, and he was a pre-trial detainee when police took the saliva sample.

To take the saliva sample, police officers transported Plaintiff from the Mecklenburg County Detention Center to police headquarters. (Id. at 8). Plaintiff alleges that before being transported to police headquarters he was allowed to look at the search warrant, which identified another individual as the subject of the search. (Id. at 10-11). In fact, although one line on the search warrant did incorrectly identify another individual as the subject of the search, Plaintiff was correctly identified in all other portions of the warrant. See (Doc. No. 1-4 at 4).

Plaintiff alleges that he told police officers that he wanted to talk to his attorney before submitting to the search, at which point officers used physical force against Plaintiff to transport him to police headquarters. (Doc. No. 1 at 8-10). Plaintiff alleges that he was injured in the

process.  (Id.).

Plaintiff alleges that the trial against him on the breaking and entering offense began on October 4, 2010.  (Id. at 18).  Plaintiff alleges that the trial court held a hearing on the alleged unlawful search of Plaintiff, and that Defendant Iyevbele perjured himself.  (Id. at 20).  Plaintiff alleges a claim for malicious prosecution against Defendant Price for prosecuting the case against him.  (Id. at 21).  Plaintiff also alleges that Defendant City of Charlotte, through Defendant Sheimreif, "subjected plaintiff by intimidation and force to an unreasonable search and seizure to extract bodily fluids [from] plaintiff's mouth on August 12, 2010," in violation of North Carolina statutory law regarding non-testimonial identification procedure, the Fourth Amendment, and his right to due process under both the North Carolina and U.S. Constitutions. (Id. at 22, 30).

In his prayer for relief, Plaintiff seeks $900,000 in compensatory damages, $200,000 in punitive damages, and $300,000 for "emotional duress and injury damages."  (Id. at 31).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, Section 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

Plaintiff alleges that saliva samples were taken from him pursuant to an invalid search warrant. On January 17, 2012, the North Carolina Court of Appeals ordered Plaintiff to face a new trial on the breaking or entering charges. Because it is not the province of the federal courts to interfere with ongoing state criminal proceedings, the Court will abstain from addressing Plaintiff's claims in this lawsuit until he has been retried and the ongoing state court proceedings are over.[1] See Younger v. Harris, 401 U.S. 37 (1971). Therefore, the Court will dismiss this action without prejudice. The Court will also deny Plaintiff's motion for a preliminary injunction, in which he seeks an order from this Court "to immediately writ Plaintiff back to Mecklenburg County to face his accusers and to stand trial 'ordered' by the North Carolina Court of Appeal." (Doc. No. 5 at 3).

---

[1] Abstention under Younger is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). All of the requirements are met for Younger abstention in this lawsuit.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Preliminary Injunction, (Doc. No. 5), is **DENIED**.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice** to Plaintiff's ability to refile when the ongoing state court proceedings are over.

3. The Clerk is directed to close this case.

Signed: January 14, 2013

Robert J. Conrad, Jr.
Chief United States District Judge